UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UiPath, Inc.,<br><br>     Petitioner,<br><br>v.<br><br>Shanghai Yunkuo Information Technology Co., Ltd., dba ENCOO Tech.<br><br>     Respondent. | Case No. |

**<u>PETITION TO CONFIRM ARBITRATION AWARD</u>**

Pursuant to 9 U.S.C. § 207 of the Federal Arbitration Act ("FAA"), Petitioner UiPath, Inc. ("UiPath" or "Petitioner") petitions this Court to confirm the final arbitral award issued against Respondent Shanghai Yunkuo Information Technology Co. Ltd. d/b/a ENCOO Tech. ("Respondent" or "ENCOO," together with UiPath, each, a "Party" and, collectively, the "Parties"), entered in a binding arbitration between UiPath and ENCOO administered by the International Centre for Dispute Resolution ("ICDR") of the American Arbitration Association ("AAA").

## PRELIMINARY STATEMENT

1.  This action seeks to confirm (i) a Partial Final Award on the Scope of the Arbitration ("Partial Award on the Scope") dated October 26, 2021, and (ii) a Final Award ("Final Award") substantially in favor of Petitioner dated July 26, 2023, which Final Award incorporates by reference a 143-page Partial Final Award on the Merits ("Partial Award on the Merits," together with the Partial Award on the Scope and the Final Award, "Award") dated May 10, 2023 issued by the sole arbitrator Mr. John Fellas ("Sole Arbitrator") in the arbitration administered by the ICDR and captioned *UiPath, Inc. v. Shanghai Yunkuo Information Technology Co., Ltd.*, *d/b/a ENCOO Tech.*, Case Number 01-20-0015-6666 ("Arbitration"). The Final Award was issued after more than two years of proceedings and a seven-day evidentiary hearing.

2.  True and correct copies of the Partial Award on the Merits, Final Award, and Partial Award on the Scope are attached as **Exhibit A**, **Exhibit B**, and **Exhibit C** to the Declaration of Vincent Filardo, Jr., Esq. ("Filardo Decl.") filed with this Petition.

3.  In the Award, the Sole Arbitrator conclusively held that Petitioner has substantially prevailed in the Arbitration, finding Respondent misappropriated Petitioner's trade secret in violation of the Defend Trade Secrets Act and New York common law, and breached the

2

Settlement Agreement (as defined below) entered between the Parties, among other things. In addition, the Award (i) orders Respondent to pay compensatory damages in the amount of $70,000,000 plus post-award interest at the rate of 9%; (ii) enjoins Respondent from furthering using, disclosing, or exploiting Petitioner's trade secrets; (iii) orders Respondent to remove all similarities between its products' codes and Petitioner's source code; and (iv) orders Respondent to reimburse Petitioner $281,512.50, representing the administrative fees of the ICDR and compensation of the arbitrator and pay Petitioner's its reasonable attorneys' fees and costs in the amount of $1,411,243.93 plus post-award interest at the rate of 9%.

## THE PARTIES

4.      Petitioner UiPath is a company incorporated under the laws of Delaware, with mailing address at 90 Park Ave, 20th Floor, New York, NY 10016. UiPath is the Claimant in the Arbitration.

5.      Upon information and belief, Respondent ENCOO is a company incorporated under the laws of the People's Republic of China, with mailing address at Building No. 1, Room 206, No. 955 Jianchuan Road, Minhang District, Shanghai, China. ENCOO is the Respondent in the Arbitration.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1332, and Section 203 of the FAA, 9 U.S.C. § 203.

7.      Pursuant to 28 U.S.C. § 1332(a)(2), this Court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Parties are of diverse citizenship because Petitioner is a citizen of the United States and

Respondent is a citizen of a foreign state, namely China.

8.  This Court also has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203, as the action falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention") because the Final Award is a "non-domestic" award involving Petitioner, a foreign party.  *See* 9 U.S.C. § 202.

9.  This Court has personal jurisdiction over Respondent because Respondent consented to personal jurisdiction in New York for actions relating to the Arbitration by agreeing in the Settlement Term Sheet Agreement entered into by and among Petitioner, Respondent, and Shichao Hu on or about July 14, 2020 ("Settlement Agreement") to arbitrate the dispute in New York, by participating in the Arbitration proceedings, including the evidentiary hearing, in New York, and by agreeing in Clause 4 of the Settlement Agreement that "[t]he Award of the Arbitrator shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.  No party to this Agreement will challenge the jurisdiction or venue provisions as provided in this section." *See* Exhibit A ¶ 9.

10. Venue is proper in the Southern District of New York pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391 because the Settlement Agreement designates New York, New York as the place of Arbitration and the Final Award was made in New York, New York and there is diversity of citizenship between the Parties.

## FACTUAL BACKGROUND

11. The underlying Arbitration concerns Respondent's misappropriation of

Petitioner's trade secrets and breach of the Settlement Agreement, which requires Respondent to cease any further misappropriation of Petitioner's trade secrets, submit its source code to a third party for review, and remove any similarities to Petitioner's source code from its products' source code.

12. In March and April 2020, Petitioner discovered ENCOO's press releases that featured a former employee of Petitioner, Shichao Hu. These press releases prompted Petitioner to launch an internal investigation in April 2020, which uncovered evidence that Respondent had misappropriated Petitioner's source code.

13. After completing its internal investigation, on May 22, 2020, Petitioner served a demand letter and a draft complaint on Respondent, indicating Petitioner's intention to commence an action before the United States District Court for the Southern District of New York.

14. On June 3, 2020, Respondent and Shichao Hu met with Petitioner's counsel to discuss the allegations contained in Petitioner's draft complaint. After the meeting, the Parties and Shichao Hu began to negotiate a settlement which resulted in the Settlement Agreement entered among Petitioner, Respondent, and Shichao Hu, and the Supplemental Settlement Term Sheet Agreement entered between Petitioner and Shichao Hu, each executed on or about July 14, 2020.

15. Clause 4 of the Settlement Agreement requires the Parties to submit any dispute arising thereunder to binding arbitration. Specifically, Clause 4 provides:

> The parties to this Agreement will submit all disputes arising under this agreement to arbitration in New York City, New York before a single arbitrator of the American Arbitration Association ("AAA"). The arbitrator shall be selected by application of the rules of the AAA, or by mutual agreement of the parties, except that such arbitrator shall be an attorney admitted to practice law in New York. Arbitration shall be in accordance with the commercial rules of the American Arbitration Association. The Award of the Arbitrator shall be final, and judgment

may be entered upon it in any court having jurisdiction thereof. No party to this Agreement will challenge the jurisdiction or venue provisions as provided in this section.

See Exhibit A ¶ 9.

## THE ARBITRATION

16. Almost immediately after the Parties entered into the Settlement Agreement, Respondent breached the Settlement Agreement and refused to cooperate with Petitioner to carry out its obligations thereunder in good faith. Therefore, on November 11, 2020, following Respondent's breach of the Settlement Agreement, Petitioner commenced this Arbitration by submitting a Demand for Arbitration alleging the following claims: (i) breach of the Settlement Agreement, (ii) violation of the Defend Trade Secrets Act (18 U.S.C. § 1831 et seq.), (iii) misappropriation of UiPath's trade secrets in violation of New York common law, (iv) unfair competition with UiPath in violation of New York common law, (v) unjust enrichment, and (vi) ENCOO's aiding and abetting Shichao Hu's breach of his fiduciary duty to UiPath.

17. Respondent submitted its Answering Statement on November 30, 2020.

18. On January 27, 2021, the ICDR appointed Mr. John Fellas as the Sole Arbitrator.

19. Respondent initially disputed whether Petitioner's misappropriation claims were within the scope of the arbitration clause under the Settlement Agreement. After reviewing the Parties' submissions on the scope of the Arbitration, on October 26, 2021, the Sole Arbitrator issued the Partial Award on the Scope, finding as a final matter that the scope of the Arbitration did include Petitioner's misappropriation claims.

20. Discovery in the Arbitration began on March 25, 2021. Over the course of seen months, the Parties engaged in extensive fact and expert discovery, with Petitioner filing multiple

motions to compel and for sanctions in light of Respondent's obstructive behavior and other misconduct throughout the discovery process.

21. On November 14, 2021, the Sole Arbitrator held a video conference with the Parties to set forth a schedule for the evidentiary hearing.

22. On February 23, 2022, the Sole Arbitrator issued Procedural Order No. 9, which, among other things, sets the merits hearing to the week of September 12, 2022.

23. On August 8, 2022, Respondent submitted its Statement of Defense as well as witness statements.

24. On September 6, 2022, Petitioner submitted its Reply Statement of Claim and Reply Witness Statements.

25. The final merits hearing took place on and between September 12 and 16 and on September 21, 2022, at the AAA-ICDR's Midtown office in Manhattan. At the hearing, the Sole Arbitrator heard opening and closing statements from each Party and testimony from seven fact witnesses and three experts, and admitted more than 250 exhibits into evidence. All witnesses testified in-person except for two witnesses who appeared virtually.

26. On December 1, 2022, both Parties submitted post-hearing briefs.

27. On May 10, 2023, after considering the evidence, post-hearing briefs, and other submissions, the Sole Arbitrator issued a 143-page Partial Award on the Merits.

28. The Partial Award on the Merits, which is expressly incorporated into the Final Award by the arbitrator, provides in relevant part:

> WHEREFORE, for the reasons set forth above, the Sole Arbitrator hereby DECLARES and AWARDS as follows:

(a)     The Sole Arbitrator DECLARES that Respondent ENCOO has breached its obligations under the Settlement Agreement and violated New York and federal law as set forth in this Partial Final Award on the Merits.

(b)     The Sole Arbitrator ORDERS Respondent ENCOO to pay UiPath compensatory damages in the amount of $70 million within 30 days from the date of the issuance of this Partial Final Award on the Merits.

(c)     The Sole Arbitrator ORDERS Respondent ENCOO to pay Post-award interest on the sum awarded in sub-paragraph (b) above at the rate of 9%, running for 30 days from the date of the issuance of this Partial Final Award on the Merits.

(d)     The Sole Arbitrator ENJOINS Respondent ENCOO from further using, disclosing, or exploiting UiPath's trade secrets.

(e)     The Sole Arbitrator ORDERS Respondent ENCOO to remove all similarities between its products' codes and UiPath's Source Code.

(f)     The Sole Arbitrator ORDERS Respondent ENCOO to make available to UiPath, upon 30 days notice by UiPath, its source code for all its RPA products for review by a third-party reviewer selected by UiPath twice a year for the next five years. If ENCOO takes the position that there exists any obstacle to making its source code available for review for any reason, it must inform UiPath within 5 business days of UiPath's notice, and ENCOO shall, at ENCOO's cost, promptly take all legally available steps to remove any such obstacle and promptly communicate with UiPath and seek UiPath's input into such steps.

(g)     Based on the fact that UiPath has substantially prevailed in this arbitration, the Sole Arbitrator FINDS that the administrative fees of the ICDR and the compensation of the Sole Arbitrator shall be borne by ENCOO. These costs will be quantified in the Final Award.

(h)     Based on the fact that UiPath has substantially prevailed in this arbitration, the Sole Arbitrator FINDS that UiPath is entitled to its reasonable attorneys' fees and costs. As the prevailing Party, UiPath may make a submission on costs within 14 days of the date of the issuance of this Partial Final Award on the Merits. ENCOO may submit a reply within 14 days of the UiPath's initial submission on attorneys' fees and costs, and the UiPath may submit a rejoinder within 7 days of the ENCOO's reply.

(i)     This Partial Final Award on the Merits is in full settlement of all claims submitted to this Arbitration, with the exception of the issues of the award of attorneys' fees and costs of this arbitration, and the quantification of the costs of this Arbitration, which will be addressed in the Final Award.

*See* Exhibit A ¶ 553, Exhibit B ¶ 2.

29. On May 24, 2023, Petitioner filed its Submission for Fees and Costs ("Costs Submission") in accordance with the requirements set forth in the Partial Award on the Merits.

30. On the same day, counsel for Respondent informed the Sole Arbitrator by email that they no longer represented Respondent in the Arbitration.

31. On May 30, 2023, the Sole Arbitrator wrote to Respondent's counsel and its Chief Executive Officer Mr. Sean Liu by email, extending the deadline for Respondent to respond to Petitioner's Costs Submission to June 14, 2023, while noting that:

> Even though both the Partial Final Award on the Merits and UiPath's Costs Submission had been received by the Respondent's legal representatives at the time when they still represented the Respondent, in [] light of the withdrawal of those legal representatives, the Sole Arbitrator thought it appropriate to grant the Respondent additional time to respond to UiPath's Costs Submission than had originally been scheduled in the Partial Final Award on the Merits.

*See* Exhibit B ¶ 9.

32. No bounce back was received by the Sole Arbitrator in response to the email, and the Respondent did not respond to the Sole Arbitrator's email, within the June 14, 2023 deadline or otherwise. *See* Exhibit B ¶¶ 11-12.

33. On July 26, 2023, after considering Petitioner's Costs Submission, the Sole Arbitrator issued a Final Award, expressly incorporating the Partial Award on the Merits and reiterating the awards on the merits as set forth therein.

34. Moreover, in the Final Award, the Sole Arbitrator made the following award with respect to costs and fees:

> (a) The Sole Arbitrator ORDERS Respondent ENCOO to pay UiPath the amount of $1,411,243.93 to compensate UiPath for its attorneys' fees and costs (other than the costs for the Sole Arbitrator's and Tribunal Secretary's compensation and expenses and the ICDR's fees and expenses,

addressed in the next paragraph) within 30 days from the date of the issuance of this Final Award.

(b)     The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $88,350.00 and the compensation and expenses of the Sole Arbitrator and Tribunal Secretary totaling $395,493.75 shall be borne by Respondent ENCOO. Therefore, Respondent ENCOO shall reimburse UiPath the sum of $281,512.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by UiPath, within 30 days from the date of the issuance of this Final Award.

(c)     The Sole Arbitrator ORDERS Respondent ENCOO to pay post-award interest on the sums awarded in sub-paragraphs (a) and (b) above at the rate of 9% simple interest, running for 30 days from the date of the issuance of this Final Award.

## CONFIRMATION AND ENFORCEMENT UNDER THE FEDERAL ARBITRATION ACT (9 U.S.C. § 207)

35.     The Award is final and binding on the Parties pursuant to Clause 4 of the Settlement Agreement, which stipulates that "[t]he Award of the Arbitrator shall be final, and judgment may be entered upon it in any court having jurisdiction thereof." *See* Exhibit A ¶ 9.

36.     Within three years of the date of an arbitration award, any party may apply for a judicial order confirming the award and "the court shall confirm the award" unless it finds one of the grounds for refusal or deferral of recognition or enforcement specified in the New York Convention.  *See* 9 U.S.C. § 207.  This Petition is filed within three years after the Final Award was made.

37.     The Award was rendered by an unbiased Sole Arbitrator, who gave both Parties sufficient opportunity to be heard and present evidence, and decided issues allocated to him under the Settlement Agreement.

38.     The Award has not been vacated, modified, or corrected.

39. No basis exists for vacating, modifying, correcting, or declining to confirm or enforce the Award.

40. Pursuant to Section 207 of the FAA, 9 U.S.C. § 207, Petitioner is entitled to confirmation and enforcement of the Award and judgment thereon.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 9 U.S.C. § 207, Petitioner respectfully requests that this Court issue a judgment in its favor:

1. Confirming and enforcing the Award of the Sole Arbitrator;

2. Directing entry of judgment against Respondent in accordance with the Final Award; and

3. Providing any such other and further relief as the Court deems just and proper.

DATED: August 18, 2023
New York, New York

Respectfully submitted,

**KING & WOOD MALLESONS LLP**

By: _____

Vincent Filardo, Jr.
Robert A. Whitman
500 Fifth Avenue, 50th Floor
New York, NY 10110
(212) 319-4755

*Attorneys for Petitioner UiPath, Inc.*