# Exhibit B
# REDACTED

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION (ICDR)**
**International Arbitral Tribunal**

**CASE NUMBER: 01-20-0015-6666**

UiPath, Inc.
Claimant

and

Shanghai Yunkuo Information Technology Co., Ltd., dba ENCOO Tech.
Respondent

**FINAL AWARD**

**Sole Arbitrator**
**John Fellas**

The undersigned Arbitrator, having been designated in accordance with the procedures agreed to in the Settlement Term Sheet Agreement signed by both Parties on July 14, 2020, and proceeding as agreed by the Parties pursuant to the AAA Commercial Arbitration Rules (version effective October 1, 2013), FINDS AND AWARDS as follows:

**I.     Procedural Background**

1. On May 10, 2023, the Sole Arbitrator issued a Partial Final Award on the Merits,[1] in which all issues in this case were resolved with the exception of that of costs.  (Paragraph 553(i), Partial Final Award on the Merits.)

2. The Partial Final Award on the Merits is incorporated into this Final Award.

3. The Sole Arbitrator stated in Paragraph 553(h) of the Partial Final Award on the Merits:

    Based on the fact that UiPath has substantially prevailed in this arbitration, the Sole Arbitrator FINDS that UiPath is entitled to its reasonable attorneys' fees and costs.  As the prevailing Party, UiPath may make a submission on costs within 14 days of the date of the issuance of this Partial Final Award on the Merits.  ENCOO may submit a reply within 14 days of the UiPath's initial submission on attorneys' fees and costs, and the UiPath may submit a rejoinder within 7 days of the ENCOO's reply.

4. On May 24, 2023, within the deadline set by the Sole Arbitrator in Paragraph 553(h) above, the Claimant made its Submission for Fees and Costs ("UiPath's Costs Submission").

5. Later, on May 24, 2023, one of the two legal representatives of the Respondent in this case, wrote to the Sole Arbitrator in the following terms:

    We write to notify that Shanghai Yunkuo Information Technology Co., Ltd. has withdrawn the power of attorney to Han Kun Law Offices.  Therefore, we cease to act as the counsel of Respondent, and we have no power to accept, receive, or

---

[1] The Partial Final Award on Merits incorporated the Partial Final Award of October 26, 2021 (Paragraph 11, Partial Final Award on the Merits.)

comment on any communications or submissions in the ongoing arbitration. Please do not copy Han Kun Law Offices in any further correspondence related to the captioned matter, and any documents served to Han Kun Law Offices (either electronically or physically) shall not be deemed as valid service.

6. Still later, on May 24, 2023, the other legal representative of the Respondent wrote to the Sole Arbitrator in the following terms:

   On instructions of Shanghai Yunkuo Information Technology Co., Ltd. ("Respondent"), we write to provide notice that Arnold & Porter hereby withdraws as counsel to Respondent in the above-captioned arbitration. For avoidance of doubt, Arnold & Porter has no authority to accept, receive, or comment on any communications in the arbitration and should not be copied on any further correspondence or submissions.

7. On May 25, 2023, the International Centre for Dispute Resolution wrote to current legal representatives of the Claimant and former legal representatives of the Respondent in the following terms:

   we understand from the correspondence received yesterday that Arnold & Porter and Han Kun Law Offices no longer represent Respondent. We will adjust our records accordingly for future correspondence.

   Absent any different instructions from the Arbitrator, we kindly ask Claimant to please provide us as soon as possible with alternative contact information for Respondent.

8. On May 30, 2023, the Claimant wrote to the Tribunal in the following terms:

   According to our records, alternative contact information for Respondent is: Shanghai Yunkuo Information Technology Co., Ltd. dba ENCOO Tech.

   

   Original address:
   Room 902-903
   Hongmei International Plaza
   Tianlin Road,

    Xuhui District, Shanghai, China

    Potential new address:
    Building No. 1, Room 206
    No. 955 Jianchuan Road,
    Minhang District, Shanghai, China

    Telephone:
    + 86 400 639 2198
    + 86 021-63057768

    Email:
    contact@encootech.com
    mkt@encootech.com

9. Even though both the Partial Final Award on the Merits and UiPath's Costs Submission had been received by the Respondent's legal representatives at the time when they still represented the Respondent, in the light of the withdrawal of those legal representatives, the Sole Arbitrator thought it appropriate to grant the Respondent additional time to respond to UiPath's Costs Submission than had originally been scheduled in the Partial Final Award on the Merits.

10. Thus, later on May 30, 2023, the Sole Arbitrator wrote in the following terms to the Claimant's legal representatives and Mr. Sean Liu by email sent to the three email addresses set forth in the Claimant's communication of earlier on May 30:

    **Message to Sean Liu**

    Dear Mr. Liu,

    Because the law firms of Han Kun Law Offices and Arnold & Porter have indicated that they no longer represent Shanghai Yunkuo Information Technology Co., I write to ensure that you received a copy of UiPath's application for attorneys' fees, which was sent to those law firms at the time when they still represented Shanghai Yunkuo Information Technology Co.

    Because of the circumstances, the deadline for Shanghai Yunkuo Information Technology Co. to respond UiPath's application is extended until June 14, 2023.

3

> UiPath's counsel, reading in copy, are directed to include the emails in the "to" line for all future communications in this case.

11. No bounce back was received by the Sole Arbitrator in response to this email.

12. The Respondent did not respond to the Sole Arbitrator's May 30, 2023 email — either by requesting additional time to respond, or by making a submission in response, to UiPath's Costs Submission — within the June 14, 2023 deadline or otherwise.

13. As a result, the Sole Arbitrator considers UiPath's Costs Submission.

**II.    UiPath's Costs Submissions**

14. The Arbitration Clause[2] in this case authorizes the Sole Arbitrator to award attorneys' fees and costs to the prevailing party, providing (with emphasis added):

> This Agreement will be governed and enforced in accordance with the laws of the State of New York, without regard to its conflict of laws principles. The parties to this Agreement will submit all disputes arising under this agreement to arbitration in New York City, New York before a single arbitrator of the American Arbitration Association ("AAA"). The arbitrator shall be selected by application of the rules of the AA, or by mutual agreement of the parties, except that such arbitrator shall be an attorney admitted to practice law in New York. Arbitration shall be in accordance with the commercial rules of the American Arbitration Association. The Award of the Arbitrator shall be final, and judgment may be entered upon it in any court having jurisdiction thereof. No party to this Agreement will challenge the jurisdiction or venue provisions as provided in this section. Nothing contained herein shall prevent a party from obtaining an injunction. **The prevailing party shall be entitled to reasonable legal fees expert fees, and costs.**

15. In addition, both Parties have sought attorneys' fees and costs.

16. In Paragraph 54 (xi) of its Demand for Arbitration, November 11, 2020, the Claimant's sought "attorneys' fees and costs incurred by UiPath in this arbitration."

---

[2] This term is defined in the Glossary to the Partial Final Award on the Merits.

17. In Paragraph 224(ii) of the Respondent's Statement of Defense of August 7, 2022, the Respondent sought an order from the Sole Arbitrator "that the Claimant shall bear all the fees, expenses and costs in relation to the present arbitration proceedings, including without limitation to the fees of the Tribunal and the Respondent's attorney's fees."

18. Under Rule 47(d)(ii) of the Commercial Arbitration Rules, the Sole Arbitrator's award may include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."

19. Here, the Parties' arbitration agreement authorizes the award of attorneys' fees and, as noted, both Parties have sought attorneys' fees and costs.  Rule 47(c) also authorizes the Sole Arbitrator to award other costs of the arbitration, such as the fees of the American Arbitration Association, the expenses of witnesses, and the compensation of the arbitrator, providing that he may "apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate."

20.  Thus, it is clear that the Sole Arbitrator has the authority to award attorneys' fees and costs in this case both because both the Arbitration Clause provides the Sole Arbitrator with such authority and because both Parties have sought attorneys' fees and costs.

21. As noted the Sole Arbitrator found in the Partial Award on the Merits that, as the only party that prevailed, UiPath was entitled to its attorneys' fees.

22. In its Costs Submission, UiPath seeks a total award of attorneys' fees and costs of $1,644,625.18, plus interest at the statutory New York rate of 9% per annum, broken down as follows:

>    i.   $918,025.00 in attorneys' fees, plus $16,945.00 in attorneys' fees incurred in 2023 but yet to be billed to UiPath;

  ii. $233,381.25 for administrative fees of the ICDR and compensation of the Sole Arbitrator already paid to AAA plus additional sums to be billed by the AAA in connection with the Partial Award and the final award;

  iii. $420,836.70 for expert witness fees; and

  iv. $55,437.23 for other third-party disbursements.

23. Based on his experience of sitting in many arbitrations in New York involving New York law firms seeking attorneys' fees and costs, the Sole Arbitrator finds that the fees and costs incurred by UiPath's attorneys', King & Wood Mallesons LLP, were not only eminently reasonable, but also modest, given that this arbitration (i) spanned over two years from its inception until the Partial Final Award on the Merits, (ii) involved highly technical issues involving sophisticated expert evidence, and (iii) was plagued by obstructionist tactics by the Respondents as detailed in Paragraphs 516 to 552 of the Partial Final Award on the Merits, which, as the Sole Arbitrator noted in Paragraph 545, he might take into account in his award on costs. In addition, UiPath secured a substantial damages award and injunctive relief.

24. In the light of the above, the Sole Arbitrator finds that King & Wood Mallesons LLP pursued this case with both efficiency, economy and diligence and he determined that it is appropriate to award UiPath all the fees and costs it has sought, together with interest.

## III. AWARD

25. The Sole Arbitrator makes the following Award with respect to costs and fees:

  (a) The Sole Arbitrator ORDERS Respondent ENCOO to pay UiPath the amount of $1,411,243.93 to compensate UiPath for its attorneys' fees and costs (other than the costs for the Sole Arbitrator's and Tribunal Secretary's compensation and

6

expenses and the ICDR's fees and expenses, addressed in the next paragraph) within 30 days from the date of the issuance of this Final Award.

    (b)    The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $88,350.00 and the compensation and expenses of the Sole Arbitrator and Tribunal Secretary totaling $395,493.75 shall be borne by Respondent ENCOO. Therefore, Respondent ENCOO shall reimburse UiPath the sum of $281,512.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by UiPath, within 30 days from the date of the issuance of this Final Award.

    (c)    The Sole Arbitrator ORDERS Respondent ENCOO to pay post-award interest on the sums awarded in sub-paragraphs (a) and (b) above at the rate of 9% simple interest, running for 30 days from the date of the issuance of this Final Award.

26. For the avoidance of doubt, the Sole Arbitrator reiterates his award in the Partial Award on the Merits (which, as noted in Paragraph 2 above, is incorporated herein):

    (a)    The Sole Arbitrator DECLARES that Respondent ENCOO has breached its obligations under the Settlement Agreement and violated New York and federal law as set forth in this Partial Final Award on the Merits.

    (b)    The Sole Arbitrator ORDERS Respondent ENCOO to pay UiPath compensatory damages in the amount of $70 million within 30 days from the date of the issuance of this Partial Final Award on the Merits.

    (c)    The Sole Arbitrator ORDERS Respondent ENCOO to pay Post-award interest on the sum awarded in sub-paragraph (b) above at the rate of 9%, running for 30 days from the date of the issuance of this Partial Final Award on the Merits.

    (d)    The Sole Arbitrator ENJOINS Respondent ENCOO from further using, disclosing, or exploiting UiPath's trade secrets.

(e)     The Sole Arbitrator ORDERS Respondent ENCOO to remove all similarities between its products' codes and UiPath's Source Code.

(f)     The Sole Arbitrator ORDERS Respondent ENCOO to make available to UiPath, upon 30 days notice by UiPath, its source code for all its RPA products for review by a third-party reviewer selected by UiPath twice a year for the next five years. If ENCOO takes the position that there exists any obstacle to making its source code available for review for any reason, it must inform UiPath within 5 business days of UiPath's notice, and ENCOO shall, at ENCOO's cost, promptly take all legally available steps to remove any such obstacle and promptly communicate with UiPath and seek UiPath's input into such steps.

(g)     Based on the fact that UiPath has substantially prevailed in this arbitration, the Sole Arbitrator FINDS that the administrative fees of the ICDR and the compensation of the Sole Arbitrator shall be borne by ENCOO. These costs will be quantified in the Final Award.

(h)     Based on the fact that UiPath has substantially prevailed in this arbitration, the Sole Arbitrator FINDS that UiPath is entitled to its reasonable attorneys' fees and costs.  As the prevailing Party, UiPath may make a submission on costs within 14 days of the date of the issuance of this Partial Final Award on the Merits.  ENCOO may submit a reply within 14 days of the UiPath's initial submission on attorneys' fees and costs, and the UiPath may submit a rejoinder within 7 days of the ENCOO's reply.

(i)     This Partial Final Award on the Merits is in full settlement of all claims submitted to this Arbitration, with the exception of the issues of the award of attorneys' fees and costs of this arbitration, and the quantification of the costs of this Arbitration, which will be addressed in the Final Award.

I hereby certify that, for the purposes of Article I of the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in New York City, New York, United States of America.

Dated: July 26, 2023

_____
John Fellas

| | |
|---|---|
| State of New York | ) |
| | ) SS: |
| County of New York | ) |

I, John Fellas do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Partial Final Award on the Merits.

 July 26, 2023                                          *John Fellas*
_____           _____
Date                                                           John Fellas, Arbitrator