UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                         :
UIPATH, INC.,                                            :
                                      Petitioner,        :
                                                         :          23 Civ. 7835 (LGS)
                -against-                                 :
                                                         :              ORDER
SHANGHAI YUNKUO INFO. TECH. CO.,                         :
LTD., dba ENCOO TECH.,                                   :
                                      Respondent.  X
-------------------------------------------------------------

LORNA G. SCHOFIELD, United States District Judge:

       On October 25, 2023, Petitioner UiPath, Inc., filed a motion seeking alternative service of

process of its petition to confirm arbitration via email and courier on Respondent Shanghai

Yunkuo Information Technology Co., Ltd., d/b/a ENCOO Tech., and on the foreign counsel and

U.S. counsel who represented Respondent in the arbitration proceeding underlying this action.

Respondent is a foreign corporation based in China, and its former foreign counsel also is located

in China.

       Petitioner attempted to serve Respondent, Respondent's former foreign counsel and

Respondent's former U.S. counsel via email and courier.  Petitioner did not receive any response

to its attempted service on Respondent via email.  Neither courier package sent to Respondent's

physical addresses was delivered, one reportedly due to refusal by recipient and the other

reportedly due to incorrect address.  Respondent's former foreign counsel and Respondent's

former U.S. counsel rejected service on the basis that they have withdrawn from representation

and are not authorized to accept service.  This application to make alternative service under

Federal Rule of Civil Procedure 4(f)(3) followed.

**Service by Email and International Courier under the Hague Convention**

Federal Rule of Civil Procedure 4(h) states that a corporation "not within any judicial district of the United States" must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery."  Rule 4(f) authorizes service: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice"; or (3) "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1)-(3); *see generally* Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (hereafter "the Hague Convention").  China and the United States are both signatories to the Hague Service Convention.  *See Status Table*, The World Organisation for Cross-border Co-operation in Civil and Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated June 23, 2023).  "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  Consequently, when the Hague Convention applies, Plaintiff may effect service by any means authorized by the convention under Rule 4(f)(1) or by any other means not prohibited by the convention pursuant to Rule 4(f)(3).

Plaintiff seeks to make alternative service by email and international courier under Rule 4(f)(3), asserting that such service is neither authorized nor prohibited under the convention.  Plaintiff is incorrect because the Hague Convention is reasonably interpreted to prohibit such service within China.  The Hague Convention permits service of judicial documents by postal channels unless a country objects to Article 10(a) of the Convention.  The Hague Convention,

art. 10; *see Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) (hereafter "*Water Splash*").

China has objected to service via postal channels under Article 10(a).  *See*

*Declaration/Reservation/Notification*, The World Organisation for Cross-border Co-operation in

Civil and Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=393&disp=resdn (last visited Dec. 8, 2023).

Several courts in this circuit have persuasively found that China's objection to postal

service also encompasses an objection to service via email.  *See, e.g., Safavieh Int'l, LLC v.*

*Chengdu Junsen Fengrui Tech. Co.-Tao Shen*, No. 23 Civ. 3960, 2023 WL 3977505, at *4

(S.D.N.Y. June 13, 2023); *Shenzhen Chengront Tech. Co. v. Besign Direct*, No. 22 Civ. 10281,

2022 WL 17741496, at *2 (S.D.N.Y. Dec. 9, 2022); *Smart Study Co. v. Acuteye-Us*, 620 F. Supp.

3d 1382, 1393 (S.D.N.Y. 2022) (hereafter "*Smart Study*").   In contrast, many of the cases in this

circuit that permit email service pre-date the Supreme Court's decision in *Water Splash*, which

recognized that the convention's purpose is to set forth simple and certain methods of service

that can be used to serve foreign litigants.  Relying on *Water Splash*, the court in *Smart Study*

concluded that interpreting silence as to a particular method of service to imply permission

would contravene that purpose.  *See* 620 F. Supp. 3d at 1396.  That China did not explicitly

object to email service as part of its objection to postal channels does not mean that email service

is permitted under the convention.  In addition, as recounted in *Smart Study*, Chinese authorities

have stated that China's objection to service by postal channels should be understood to include

an objection to service via email.  *See id*. at 1395 (quoting Article 11 of the Minutes of the

National Symposium on Foreign-related Commercial and Maritime Trial Work).

Plaintiff cannot circumvent this prohibition on email service by asserting that the parties

agreed to service of pleadings and correspondence via email.  Petitioner submitted a provision of

the arbitration agreement stating only that no party will challenge "the jurisdiction or venue" in a judgment entering the arbitral award.  The provision contains no agreement regarding the manner of service, and consent to jurisdiction is not enough.  *See, e.g.*, *Safavieh Int'l, LLC*, 2023 WL 3977505, at *2 (finding that "consent to jurisdiction" in a counter-notice "is not enough" to justify email service because "[b]efore a court can take cognizance of a claim against a particular defendant, that defendant must be properly served with process").  Without an explicit agreement to accept service by email in this action, prior acceptance of communications or service via email during the underlying arbitration is insufficient to justify email service.  *See, e.g.*, *Cawthon v. Zhousunyijie*, No. 22 Civ. 3021, 2023 WL 6929185, at *3 (S.D.N.Y. Oct. 18, 2023) ("Without an explicit agreement to accept service by email, the Court will not construe the Counter Notice as abrogating Defendant's rights under Federal Rule of Civil Procedure 4(f).").

Similarly, international courier service is not permitted under the Hague Convention.  As with email service, the fact that China did not explicitly object to international courier service as part of its objection to postal channels does not mean that courier service is permitted.  International courier service -- even more so than email service -- closely resembles postal service.  China's objection to service through postal channels encompasses an objection to international courier service.  *See Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*, No. 22 Civ. 5271, 2023 WL 2346340, at *4 (S.D.N.Y. Mar. 3, 2023) ("[C]ourts have held . . . that service of documents by international courier constitutes service through 'postal channels.").  Accordingly, this method of service is impermissible in light of China's objection to Article 10(a).

**Application of the Hague Convention to Respondent and its Former Foreign Counsel**

The Hague Convention forecloses service by email and courier only if it applies.  *See Schlunk*, 486 U.S. at 705 ("[C]ompliance with the [Hague] Convention is mandatory in all cases

to which it applies.").  The Hague Convention does "not apply where the address of the person to be served with the document is not known."  The Hague Convention, art. 1.  However, Petitioner has identified mail addresses for Respondent and Respondent's former foreign counsel in China. Plaintiff has identified no basis on which to find that the Hague Convention does not apply.

**<u>Application of the Hague Convention to Former U.S. Counsel</u>**

Petitioner requests alternative service by serving Respondent's former U.S. counsel by email and courier, but has not shown that such service is proper.  The Hague Convention applies by its terms only to "service abroad."  The Hague Convention, art. 1.  The convention does not apply to service within the United States, including on a foreign party's counsel in the United States.  *See In re New Oriental Educ. & Tech. Grp. Inc. Sec. Litig*., No. 22 Civ. 01014, 2023 WL 5466333, at *3 (S.D.N.Y. Aug. 24, 2023) ("[T]he Hague Convention governs only transmittal of documents abroad . . . When executing service via U.S.-based corporate counsel, no documents will be transmitted abroad.").  Because "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service," "[w]hatever internal, private communications take place between the [domestic] agent and a foreign principal are beyond the concerns" of the convention.  *Schlunk*, 486 U.S. at 707.  However, if counsel himself is located abroad and has no domestic authorized agent, documents would need to be transmitted abroad as a necessary part of service on him.

Petitioner has not shown that Respondent's former U.S. counsel is located in the United States and not in China, such that the Hague Convention's implied prohibitions on email and courier service do not apply.  Petitioner points to the State Bar of California's website, which lists as "active" an email address for counsel, anton.ware@cn.arnoldporter.com, and an office address, 3 Embarcadero Ctr Fl 10, San Francisco, CA 94111-4075.  However, the "cn"

designation in the email address suggests that Respondent's former counsel, Mr. Ware, may be

based in China, not in the United States.  The Arnold & Porter website states that Mr. Ware is

based in the firm's Shanghai office.  *See Anton A. Ware,* Arnold & Porter,

https://www.arnoldporter.com/en/people/w/ware-anton-a (last visited Dec. 8, 2023).  Petitioner

has failed to establish that Respondent's U.S. counsel is located in the United States or can be

served in the United States via the Arnold & Porter San Francisco office.

## Conclusion

Petitioner's motion by way of order to show cause for alternative service is **DENIED**

without prejudice to Petitioner's renewing the motion with evidence demonstrating that Mr.

Ware can be personally served in the United States.  By **January 12, 2024,** Petitioner shall file

such renewed motion or a letter stating that Petitioner has taken steps to serve Respondent in

accordance with Hague Convention, and describing such steps.

Dated: December 12, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE