UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------X
                                                       :
UIPATH, INC.,                                          :
                                       Petitioner,     :
                                                       :            23 Civ. 7835 (LGS)
                    -against-                           :
                                                       :          OPINION AND ORDER
SHANGHAI YUNKUO INFORMATION                             :
TECHNOLOGY CO., LTD.,                                   :
                                       Respondent.     :
-------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

     Petitioner UiPath, Inc. seeks to confirm and enforce a final arbitral award (the "Final Award") against Respondent Shanghai Yunkuo Information Technology Co., Ltd., d/b/a ENCOO Tech.  Respondent participated in the arbitration but has not appeared in this action and did not oppose the petition to confirm arbitration (the "Petition").  For the following reasons, the unopposed Petition is granted.

## I.    BACKGROUND

     The following facts are taken from the Petition and exhibits filed in support, including the Final Award.

     Petitioner is a public U.S. company in the field of robotic process automation ("RPA").  Respondent is a company organized under the laws of the People's Republic of China.  On July 14, 2020, Petitioner and Respondent executed a settlement agreement ("Agreement") related to Respondent's misappropriation of Petitioner's trade secrets, specifically, Petitioner's source code.  The Agreement includes an arbitration clause, which states, "The parties to this Agreement will submit all disputes arising under this agreement to arbitration in New York City, New York before a single arbitrator of the American Arbitration Association . . . .  The Award of the Arbitrator shall be final, and judgment may be entered upon it in any court having

jurisdiction thereof."  The arbitration clause also includes a New York choice-of-law clause, applying substantive New York law, "without regard to its conflict of laws principles."

The Agreement also requires Respondent to submit its source code for third-party review by a specified time.  Respondent failed to submit its source code by the deadline, even after Petitioner offered Respondent an extension.  On November 11, 2020, Petitioner submitted a demand for arbitration to the International Centre for Dispute Resolution, alleging both breach of the Agreement and Petitioner's original misappropriation and related claims.

Respondent objected to the scope of the arbitration, arguing that the arbitration clause applies only to disputes related to the Agreement itself, not to Petitioner's original misappropriation and related claims.  On October 26, 2021, the arbitrator issued the Partial Award on the Scope, finding that the misappropriation and related claims were included within the scope of the arbitration clause.

Respondent participated in the arbitration for two years, including a multi-day evidentiary hearing in Manhattan.  On May 10, 2023, the arbitrator issued a Partial Award on the Merits, finding for Petitioner on both the breach claim and the misappropriation and related claims.  The Partial Award on the Merits (1) found that Respondent had breached its obligations under the Agreement and violated New York and federal law by misappropriating Petitioner's source code; (2) ordered Respondent to pay compensatory damages in the amount of $70,000,000 within thirty days, plus post-award interest at a rate of 9% accruing thereafter; (3) enjoined Respondent from further using, disclosing or exploiting Petitioner's trade secrets; (4) ordered Respondent to remove all similarities between its products' codes and Petitioner's source code and (5) ordered Respondent to make available to Petitioner its source code for all its RPA software products for review by a third-party expert twice a year for the next five years.

After considering Petitioner's submissions on costs, the arbitrator issued the Final Award. The Final Award incorporates by reference the Partial Award on the Merits and orders Respondent, within thirty days, to (1) pay Petitioner attorney's fees and costs in the amount of $1,411,243.93; (2) reimburse Petitioner for administrative fees and expenses in the amount of $281,512.50 and (3) pay post-award interest on both sums, accruing from thirty days after the date of issuance.

On September 5, 2023, Petitioner initiated this action to confirm and enforce the Final Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 (June 10, 1958), incorporated by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208 ("New York Convention"), and under the FAA, 9 U.S.C. § 1 *et seq.*  Relevant filings in this action were served on Respondent via alternative service methods approved by the Court.  Petitioner asked that the Petition be construed as its motion and memorandum of law, and filed exhibits in support.  Respondent did not file an opposition to Petitioner's motion.

## II.   STANDARD

### A.   The New York Convention

The New York Convention governs the enforcement of foreign arbitral awards and encourages "the recognition and enforcement of commercial arbitration agreements in international contracts in signatory states."  *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 62 (2d Cir. 2022).[1]  "As a signatory state, the United States has implemented the New York Convention under the express provisions of chapter 2 of the Federal

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

Arbitration Act." *Id.*; *see* 9 U.S.C. § 201 (providing that the New York Convention "shall be enforced in United States courts in accordance with [other provisions of the FAA]").  Any party to an arbitration resulting in an arbitral award that falls under the New York Convention may seek an order confirming the award from a district court within three years of the award.  *See* 9 U.S.C. § 207; *Exclusive Trim, Inc. v. Kastamonu Romania, S.A.*, No. 23 Civ. 03410, 2023 WL 6664614, at *3 (S.D.N.Y. Oct. 12, 2023).

Under the New York Convention, the country in which an arbitral award is rendered has primary jurisdiction over the award, *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017), and is "free to set aside or modify an award in accordance with its domestic arbitral law . . . ."  *Esso Expl. & Prod. Nigeria Ltd.*, 40 F.4th at 62.  Where, as here, "the arbitration took place in the United States," the award is thus "subject to the FAA provisions governing domestic arbitration awards."  *Zeiler v. Deitsch*, 500 F.3d 157, 163 (2d Cir. 2007); *accord Temsa Ulasim Araclari Sanayi v. Ticaret A.S.*, No. 22 Civ. 492, 2022 WL 3974437, at *4 (S.D.N.Y. Sept. 1, 2022).

### B.    The Federal Arbitration Act

"[J]udicial review of an arbitration award under the FAA -- consistent with the Convention -- is very limited . . . ."  *Trithorn Bulk A/S v. Duron Cap. LLC*, No. 22 Civ. 9628, 2023 WL 4157167, at *4 (S.D.N.Y. June 23, 2023) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).  "An extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the use of arbitration by consenting parties."  *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023).  "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  *Id.* at 378-79.

4

A district court should treat an unopposed petition to confirm an arbitration award as "an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Exclusive Trim, Inc.*, 2023 WL 6664614, at *4. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair & Co*., 462 F.3d at 110.

## III.   DISCUSSION

### A.   The New York Convention

The Petition is governed by the New York Convention. An arbitral award "falls within the scope of the New York Convention if four requirements are met: (1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial and (4) it cannot be entirely domestic in scope." *Trithorn Bulk A/S*, 2023 WL 4157167, at *3; 9 U.S.C. § 202. First, the Agreement is a written agreement. Second, both the United States and China are signatories of the New York Convention. *See Contracting States*, The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, https://www.newyorkconvention.org/contracting-states [https://perma.cc/S2PE-JKCG]. Third, the subject matter of the Agreement is commercial in nature, as it relates to Respondent's misappropriation of Petitioner's trade secrets for use in Respondent's own commercial software products. Finally, the Agreement is not entirely domestic in scope because Respondent is a foreign corporation. *See Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983) (holding that the New York Convention's application to arbitral awards "not considered as domestic" includes awards "involving parties domiciled or having their principal place of

business outside the enforcing jurisdiction"); *accord Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 786 (2023).

### B.   Confirmation of the Final Award

The Petition is granted because the undisputed facts show that Petitioner is entitled to judgment as a matter of law.  The parties' dispute was properly arbitrated.  Petitioner and Respondent entered into the Agreement, which specifies that the parties will "submit all disputes arising under this agreement to arbitration in New York City, New York before a single arbitrator of the American Arbitration Association."  The Agreement further states that "[t]he Award of the Arbitrator shall be final, and judgment may be entered upon it in any court having jurisdiction thereof."  Both parties participated in the arbitration proceedings, and the arbitrator entered the Final Award against Respondent.  Respondent has not opposed the Petition and has not otherwise moved to "vacate[], modif[y], or correct[]" the Final Award under 9 U.S.C. §§ 10-11.  *See* 9 U.S.C. § 9.

The arbitrator's determination that Respondent misappropriated Petitioner's trade secrets in violation of federal and New York law is supported by more than a "barely colorable justification."  *See Smarter Tools Inc.*, 57 F.4th at 378.  The arbitrator determined that Petitioner's source code is a trade secret because it is not publicly available; it is valuable to both Petitioner and competitors; it required over a decade to develop and Petitioner took strong measures to protect this information both internally and externally.  The arbitrator found Respondent liable for misappropriation based on (1) the substantial compensation package Respondent paid to Petitioner's former employee despite his lack of experience with RPA, (2) direct evidence, based on an expert's review, that Respondent copied Petitioner's code and (3)

several implausible "coincidences" involving Petitioner's former employee and Respondent. The same findings support the arbitrator's finding of Respondent's liability for aiding and abetting breach of fiduciary duty, unfair competition, and unjust enrichment.

The arbitrator's determination that Respondent breached the Agreement is also supported by more than a "barely colorable justification." *See id*. The Agreement states that Respondent will submit its source code for review within fourteen days of Petitioner's notifying Respondent that Petitioner had selected a third-party reviewer. Respondent failed to provide its source code for review by the specified deadline, even after Petitioner extended it for several weeks. The arbitrator observed that "all of the Respondent's actions . . . suggest that the Respondent acted in bad faith in connection with the source code review in breach of the Settlement Agreement," and concluded that Respondent "undoubtedly breached its contractual obligation."

Finally, the arbitrator's award of $1,411,243.93 in attorneys' fees and $281,512.50 in costs also is supported by more than "a barely colorable justification." *See id*. The arbitration clause authorizes the arbitrator to award attorneys' fees and costs, stating, "The prevailing party shall be entitled to reasonable legal fees, expert fees, and costs." The arbitrator awarded fees and costs "[b]ased on the fact that [Petitioner] has substantially prevailed in this arbitration and the fact that the Respondent engaged in obstructive behavior during the course of this arbitration." Considering supplemental submissions on fees and costs, the arbitrator concluded, "[b]ased on his experience of sitting in many arbitrations in New York involving New York law firms seeking attorneys' fees and costs, . . . the fees and costs incurred . . . were not only eminently reasonable, but also modest, given that this arbitration (i) spanned over two years from its inception until the Partial Final Award on the Merits, (ii) involved highly technical issues involving sophisticated expert evidence, and (iii) was plagued by obstructionist tactics by the

Respondents as detailed in Paragraphs 516 to 552 of the Partial Final Award on the Merits, which, as the Sole Arbitrator noted in Paragraph 545, he might take into account in his award on costs." Based on these conclusions, the arbitrator awarded Petitioner its requested fees and costs.

### C. Interest

#### 1. Post-Award (Prejudgment) Interest

Petitioner's request to confirm the Final Award's grant of post-award interest is granted. "Post-award, prejudgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest." *In re Arbitration Between Westchester Ins. Co. v. Massamont Ins. Agency, Inc*., 420 F. Supp. 2d 223, 226 (S.D.N.Y. Nov. 22, 2005) (citing *In re Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd*., 73 F.2d 150, 153-154 (2d Cir. 1984)); *accord Katalyst Sec., LLC v. Marker Therapeutics, Inc*., No. 21 Civ. 08005, 2022 WL 704427, at *4 (S.D.N.Y. Mar. 9, 2022).

"In diversity actions, interest is to be calculated according to the statutory rate prescribed by the law governing the contract . . . even where . . . federal law governs enforcement of the arbitration award." *In re Arbitration Between Westchester Ins. Co*., 420 F. Supp. 2d at 226-27; *accord Katalyst Sec., LLC*, 2022 WL 704427, at *4. As noted above, the arbitration clause of the Agreement applies New York law. New York law sets the rate of prejudgment interest at nine percent. *See* CPLR § 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."); *cf. SEIU, Local 32BJ v. Dayton Beach Park No. 1 Corp*., No. 18 Civ. 3887, 2019 WL 120998, at *4 (S.D.N.Y. Jan. 4, 2019) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum -- which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001-5004 -- from the time of the award to the date of the judgment confirming the award.").

The Partial Award on the Merits ordered Respondent to pay post-award interest on $70,000,000 in compensatory damages at the applicable rate under New York law of nine percent, to accrue beginning thirty days from the date of the Partial Award.  The Final Award incorporates the Partial Award and also orders Respondent to pay post-award interest at the same rate on $1,411,243.93 in attorneys' fees and on $281,512.50 in administrative fees and costs, to accrue beginning thirty days from the date of the Final Award.  Applying the unrebutted presumption in favor of awarding post-award, prejudgment interest, Petitioner is awarded post-award interest as specified in the Final Award, incorporating the Partial Award.

### 2.  Post-Judgment Interest

Petitioner also is entitled to interest from the date of judgment in this action at the statutory rate defined in 28 U.S.C. § 1961.  The award of post-judgment interest pursuant to § 1961 is "mandatory" and does not "permit of the exercise of judicial discretion."  *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).  Section 1961 applies to actions to confirm an arbitration award.  *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case); *Dist. Council No. 9 Int'l Union of Painters & Allied Traders v. Future Shock Architectural Metals & Glass*, No. 22 Civ. 2859, 2023 WL 3374560, at *3 (S.D.N.Y. May 11, 2023) (same).  Pursuant to § 1961, Petitioner is awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date judgment is entered until payment is made.

## IV.   CONCLUSION

For the foregoing reasons, the Petition to confirm the Final Award is **GRANTED**.

Petitioner shall file a proposed form of judgment consistent with this Opinion by **June 18, 2024.**

Dated: June 4, 2024
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE